In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00497-CV**
_____

**IN RE COMMITMENT OF RICARDO RANGEL CARRISALEZ**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 15-05-05173-CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit Ricardo Rangel Carrisalez as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2015). A jury found that Carrisalez is a sexually violent predator, and the trial court rendered a final judgment and an order of civil commitment. In two appellate issues, Carrisalez challenges the admission of certain evidence regarding one of his child victims. We affirm the trial court's judgment and order of civil commitment.

## BACKGROUND

Before trial, Carrisalez's counsel lodged a relevancy objection to any testimony mentioning that one of Carrisalez's victims suffered from a prolapsed rectum because the victim did not accuse Carrisalez of an offense involving penetration. Counsel contended that such evidence would "inflame the jury." The trial judge instructed counsel to not discuss such evidence during opening statements, but noted that because the evidence was in the police records, "it's traditional hearsay which I often hear in relationship to the expert."

Psychiatrist Dr. Sheri Gaines testified that she was asked to testify regarding whether Carrisalez has a behavioral abnormality, and she explained the statutory meaning of the term "behavioral abnormality." Gaines explained that she used the standard methodology for forensic psychiatry cases in evaluating Carrisalez, and that the methodology was in accordance with her training and the accepted standards of forensic psychiatry. Gaines testified that she reviewed "hundreds of pages of collateral information[,]" such as penitentiary packets, the multidisciplinary report, police reports, Carrisalez's deposition, and victim statements, and she personally interviewed Carrisalez for approximately two hours to form her opinion.

Gaines opined that Carrisalez has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. She explained that she based her opinion upon the fact that Carrisalez has deviant sexual interests and a poor understanding of his condition, and she believes Carrisalez's deviant sexual interest remains unchanged. According to Gaines, Carrisalez's deviant sexual interests include "sexual thoughts, desires, behaviors, [and] actions towards prepubescent girls and prepubescent boys." Gaines explained that sexual deviance "is one of the main risk factors for sexual recidivism."

Gaines testified that she diagnosed Carrisalez with pedophilic disorder, and she explained that Carrisalez had offended against both a male child and a female child. Gaines also diagnosed Carrisalez with cocaine use disorder and "alcohol use disorder in remission in a controlled environment." According to Gaines, Carrisalez's offenses are evidence of his sexual deviance. Gaines testified that, during a period of over two months, Carrisalez offended against the female child by touching her chest and anus, as well as by penetrating her vagina and anus with his penis. Gaines testified that after being released from prison, Carrisalez offended against a male child by grabbing the child's "crotch area[.]" When asked whether she saw any records indicating that the abuse of the male child might have been more serious, defense counsel asked to approach the bench outside the jury's

hearing, and defense counsel indicated that the State was eliciting questions from Gaines about the male child's prolapsed rectum. Defense counsel objected, "This is something the child never alleged Mr. Carrisalez did. . . . He definitely wasn't convicted of it. At this point, this is collaterally attacking the judgment and . . . there's absolutely no probative value. It's not relevant and any probative value would be substantially outweighed by the danger of unfair prejudice." The trial judge indicated that a predicate had not been laid and sustained the objection, and the judge stated, "I'll be able to rule on it when I have something that I know about."

Gaines testified that when reviewing records regarding an individual, she takes all available information into consideration because "there is oftentimes lots of information that wasn't charged, lots of information that wasn't indicted, especially in cases regarding sexual offenses." Gaines explained that the records included a statement from the male child victim's mother that the victim suffered from a prolapsed rectum. Carrisalez's counsel obtained a running objection that such evidence constituted a collateral attack on the judgment and violated Rule 403. Gaines then testified that the male child victim suffered from chlamydia and post-traumatic stress disorder. Gaines explained that victims are often "reluctant to outcry and disclose because of unwarranted self-shame, unwarranted self-

4

accusation." According to Gaines, she would have found that Carrisalez has a behavioral abnormality even without the physical evidence regarding the male victim. During cross-examination, Gaines testified that Carrisalez was convicted of putting his hand over the male victim's penis on top of his clothing, not penetrating the male victim. Gaines explained that although discussing a child with a prolapsed rectum and chlamydia is "[h]orrifying[,]" she testified about it because it is part of the information she reviewed.

According to Gaines, Carrisalez's risk factors for recidivism include multiple sex acts against his victims, the young age of his victims, the fact that he has both male and female victims, the fact that the victims were unrelated to Carrisalez, and the fact that Carrisalez re-offended after being caught the first time. In addition, Gaines testified that Carrisalez's nonsexual criminal history indicates that he has some antisocial traits. Gaines also noted that there is no evidence that Carrisalez has been cured of pedophilic disorder. Furthermore, Gaines testified that Carrisalez has a poor understanding of what caused him to offend and that Carrisalez blamed his offenses on alcohol. Gaines testified that the actuarial tests performed on Carrisalez indicated a risk of reoffending that was almost four times higher than the typical sex offender.

Carrisalez testified that he has two convictions for aggravated sexual assault of a child and three convictions for indecency with a child by contact. Carrisalez denied penetrating the female child victim and stated that he did not remember his offense against the male child victim. Carrisalez also testified that he had been arrested four times for driving while intoxicated.

## CARRISALEZ'S ISSUES

In his first issue, Carrisalez argues that the trial judge erred in overruling his relevancy objection to evidence regarding the male child victim's prolapsed rectum. In his second issue, Carrisalez contends the trial judge erred by overruling his Rule 403 objection regarding Gaines's testimony that the male child victim suffered from a prolapsed rectum, chlamydia, and post-traumatic stress disorder because "the probative value of the evidence was minimal compared to the prejudicial impact on the jury." We address these issues together.

"We review a trial court's evidentiary rulings for abuse of discretion." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000); *see In re Commitment of Salazar*, No. 09-07-345-CV, 2008 WL 4998273, at *2 (Tex. App.—Beaumont Nov. 26, 2008, pet. denied) (mem. op.). A trial court abuses its discretion when it acts without reference to any guiding rules and principles, or if it acts arbitrarily and unreasonably. *E.I. du Pont de Nemours & Co. v. Robinson*, 923

6

S.W.2d 549, 558 (Tex. 1995); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Error may not be predicated upon the admission of evidence unless the party's substantial rights are affected. Tex. R. Evid. 103(a). We will not reverse a judgment based upon an error of law unless that error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to the appellate court. Tex. R. App. P. 44.1(a). Excluding or admitting evidence is likely harmless if the evidence was cumulative or the rest of the evidence was so one-sided that the error likely did not affect the judgment. *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009).

Assuming, without deciding, that the trial court abused its discretion by admitting the testimony of which Carrisalez complains, we cannot say that admission of the evidence caused the rendition of an improper judgment. The jury heard Gaines testify regarding Carrisalez's pedophilic disorder, cocaine use disorder, and alcohol use disorder, as well as his antisocial traits and his risk of recidivism. The jury heard evidence that Carrisalez has two convictions for aggravated sexual assault of a child and three convictions for indecency with a child by contact. The jury also heard evidence that Carrisalez was convicted of an offense against the female child victim that involved penetration. The record does

7

not indicate that the entire case turned on the complained-of evidence regarding the male child victim. *See Brownsville Pediatric Ass'n v. Reyes*, 68 S.W.3d 184, 192 (Tex. App.—Corpus Christi 2002, no pet). Because we cannot conclude that any error in the admission of the complained-of testimony caused the rendition of an improper judgment, we overrule issues one and two and affirm the trial court's final judgment and order of civil commitment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on July 15, 2016
Opinion Delivered August 11, 2016

Before McKeithen, C.J., Horton and Johnson, JJ.